

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,477

**EX PARTE JUAN CARLOS RODRIGUEZ, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-0291-91-D IN THE 206th DISTRICT COURT
### FROM HIDALGO COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of aggravated sexual assault and two counts of indecency with a child. He was sentenced to fourteen years' imprisonment on the first count and ten years community supervision on the other two counts. The Applicant's appeals were dismissed for want of jurisdiction. *Rodriguez v. State*, Nos. 13-91-

00628, 00629, and 00632-CR (Tex. App.–Corpus Christi, delivered January 3, 1992, no pet.).[1]

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal.

The record before this Court reflects that trial counsel, after giving verbal notice of withdrawal to both the Applicant and the trial court, did not file a *pro se* notice of appeal on Applicant's behalf in order to preserve his right to a meaningful appeal. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction as it relates to Count One in Cause No. CR-0291-91-D from the 206th Judicial District Court of Hidalgo County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's claims regarding the remaining counts are dismissed for lack of jurisdiction.

Delivered: January 12, 2011
Do Not Publish

---

[1] This application was filed with the district clerk of Hidalgo County on March 24, 1994. However, it was not received by this Court until December 10, 2010. There is no explanation in the habeas record for this sixteen year delay.